UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ISMAEL QUINTERO, JR.,             Case No. 6:18-cv-01223-JR

    Petitioner,                                                       ORDER

    v.

JEFF PREMO,

    Respondent.

_____

RUSSO, Magistrate Judge:

       Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 and paid the applicable $5.00 filing fee. Petitioner alleges his convictions for controlled substance offenses resulted from prosecutorial misconduct and violated his constitutional rights. Petitioner also alleges that his counsel was ineffective for failing to raise these issues during his plea and sentencing proceedings.

       This Court may review a habeas petition brought under § 2254 on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is "jurisdictional," and a petitioner "must be in

1 - ORDER

custody at the time that the petition is filed." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010). If the petitioner has completed serving a sentence of imprisonment and is no longer in physical custody, the petitioner must allege a continuing restraint on liberty – such as continuing governmental supervision – to meet the "in custody" requirement. Maleng v. Cook, 490 U.S. 488, 491 (1989); Dow v. Cir. Ct. of First Cir., 995 F.2d 922, 923 (9th Cir. 1993).

Based on petitioner's address and statements in his petition, he was not in physical custody at the time he filed his petition. Pet. at 14. It is unclear whether petitioner remains subject to continuing restraints on his liberty as a result of his conviction. If not, this Court has no jurisdiction to entertain petitioner's § 2254 petition.

Accordingly, within 30 days from the date of this Order, petitioner must inform the Court whether he remains subject to significant restraints on his liberty as a result of his conviction and, if so, describe the nature of those restraints. Petitioner is advised that the failure to do so will result in dismissal of his petition for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 23rd day of July 2018.

s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge